UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                               Criminal Case No. 23-20075
v.                                Honorable Linda V. Parker

KENYODA LAKEITH HOLMES,

      Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT PURSUANT TO SECOND AMENDMENT

Defendant Kenyoda Lakeith Holmes is charged in an Indictment with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). The matter is presently before the Court on Mr. Holmes' motion to dismiss the Indictment, in which he claims the felon in possession charge violates the Second Amendment to the United States Constitution.  (ECF No. 23.)  The Government filed a response to the motion.  (ECF No. 29.)  For the following reasons, the Court denies the motion.

In his motion, Mr. Holmes argues that § 922(g)(1) is facially unconstitutional in light of the Supreme Court's holding in *New York State Rifle & Pistol Association, Inc. v. Bruen*, -- U.S. --, 142 S. Ct. 2111 (2022).  Specifically,

Mr. Holmes maintains that possession of a firearm comes within the Second Amendment's "plain text" and, therefore, his conduct is presumptively protected.

The Second Amendment reads:  "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const. amend. II.  In *Bruen*, the Supreme Court set forth a two-step approach for assessing the constitutionality of a firearms regulation. First, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."  *Id.* at 2129-30.  Second, when a regulation burdens such presumptively protected conduct, "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  *Id.* at 2130.

## Whether the Second Amendment's Plain Text Covers Mr. Holmes' Conduct

Mr. Holmes argues that the plain text of the Second Amendment covers his conduct, namely that he—despite being a felon—is considered a part of "the people" within the meaning of the Second Amendment.  (ECF No. 23 at Pg ID 77.) This Court agrees.

As the Supreme Court stated in *District of Columbia v. Heller*, "the people" as used throughout the United States Constitution "unambiguously refers to *all members* of the political community, not an unspecified subset."  554 U.S. at 580 (emphasis added); *see also United States v. Verdugo-Urquidez*, 494 U.S. 259, 265

2

(1990) (explaining that " 'the people' . . . refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community").  The *Heller* Court therefore said that there is "a strong presumption that the Second Amendment right . . . belongs to all Americans."  *Id*. at 581.

The *Heller* Court did state, as well, that "[t]he Second Amendment does not protect those weapons not typically possessed by *law-abiding* citizens for lawful purposes . . . ."  *Id.* at 625 (emphasis added).  Courts—admittedly including the undersigned in previous decisions—have relied on this italicized language to find that felons—by definition not "law-abiding citizens"—are not "the people" referred to in the Second Amendment.  *See, e.g., United States v. Haywood*, No. 22-cr-20417, 2023 WL 3669333, at *1 (E.D. Mich. May 25, 2023) (Parker, J.); *United States v. Smith*, No. 22-cr-20351, 2023 WL 2215779, at *2-3 (E.D. Mich. Feb. 24, 2023) (Goldsmith, J.) (citing *United States v. Ingram*, No. CR 0:18-557, 2022 WL 3691350, at *3 (D.S.C. Aug. 25, 2022)).  However, as the Third Circuit Court of Appeals recently discussed in *Range v. Attorney General United States of America*, 69 F.4th 96 (2023) (en banc), this interpretation ignores other language in *Heller*, the reference to "the people" in other constitutional provisions, and that the phrase "law-abiding citizens" is "hopelessly vague."  *Id.* at 101-02.  Thus, this Court concludes that not only "law-abiding citizens" are among "the people"

protected by the Second Amendment.  Despite being a felon, the Second

Amendment's plain text covers Mr. Holmes' conduct.

### Whether § 922(g)(1) is Consistent with
### this Nation's Historical Tradition

The Court must decide next whether the Government has shown that

applying § 922(g)(1) to Mr. Holmes "is consistent with the Nation's historical

tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2130.  On this issue, Supreme

Court and Sixth Circuit precedent is binding.

In *Heller*, the Supreme Court made note of the "longstanding prohibitions on

the possession of firearms by felons." 554 U.S. at 626.  This point was reiterated

by a plurality of the Court in *McDonald v. City of Chicago*, 561 U.S. 742 (2010),

when the Court, incorporating the Second Amendment against the States, indicated

that "incorporation does not imperil every law regulating firearms" and reiterated

that *Heller* "did not cast doubt on such longstanding regulatory measures as

'prohibition on the possession of firearms by felons and the mentally ill.'" *Id*. at

786 (quoting *Heller*, 554 U.S. at 626-27).  Subsequent to the Supreme Court's

holding in *Heller* and before the Court's subsequent decision in *Bruen*, every

federal court of appeals upheld the constitutionality of restrictions on the

possession of firearms by felons under § 922.  *See, e.g., United States v. Booker*,

644 F.3d 12, 23-24 (1st Cir. 2011); *United States v. Stuckey*, 317 F. App'x 48, 50

(2d Cir. 2009); *Folajtar v. Att'y Gen. of the United States*, 980 F.3d 897, 900 (3d

Cir. 2020); *United States v. Yates*, 746 F. App'x 162, 164 (4th Cir. 2018); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) (citing *United States v. Frazier*, 314 F. App'x 801, 807 (6th Cir. 2008)); *United States v. Williams*, 616 F.3d 685, 692 (7th Cir. 2010); *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011); *United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir. 2010); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010); *Medina v. Whitaker*, 913 F.3d 152, 160 (D.C. Cir. 2019).

Post-*Bruen*, the Third Circuit has modified its view, although several of the concurring and dissenting judges found § 922(g)(1) "presumptively lawful" and consistent with the Nation's historical record, with the concurring judges distinguishing the appellant's prior conviction from the conduct of traditional felons. *See*, *Range*, 69 F.4th at 110-12 (Ambro, Greenaway, Jr., Montgomery-Reeves, J., concurring) (quoting *Bruen*, 142 S. Ct. at 626-27) (quoting *Heller*, 554 U.S. at 626-27); *id.* at 114-15 (Shwartz, Restrepo, J., dissenting); *id.* at 118 (Krause, J., dissenting). The Fifth Circuit also has found that § 922(g)'s prohibition of firearm possession by someone subject to a domestic violence restraining order issued after a civil proceeding, rather than a convicted felon, is inconsistent with the historical tradition that delimits the outer bounds of the right to keep and bear arms[.]" *United States v. Rahimi*, 61 F.4th 443, 454-55 (2023).

The Eighth Circuit and perhaps Fifth Circuit, however, continue to find post-*Bruen* that felony-firearm prohibitions are consistent with the history and tradition of this Nation. *United States v. Jackson*, 69 F.4th 495, 501-02 (8th Cir. 2023); *United States v. Garza*, No. 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023) (rejecting the defendant's Second Amendment challenge to his conviction under § 922(g)(1) under plain error review). In reaching its conclusion, the Eighth Circuit rejected the notion of "felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"—meaning a case-by-case analysis of the history of the right to keep and bear arms by individuals convicted of the same or similar felonies as the defendant. *Jackson*, 69 F.4th at 501-02. While declining to decide whether the history is that of disarming citizens "unwilling to obey the government and its laws" or those deemed "more dangerous than a typical law-abiding citizen[,]" the Eight Circuit concluded that "either reading supports the constitutionality of § 922(g)(1) as applied to Jackson and other convicted felons, because the law 'is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 502 (citations omitted).

The Sixth Circuit has not addressed the constitutionality of § 922(g)(1) post-*Bruen*. This Court is inclined to follow the Eighth Circuit in continuing to find the statute constitutional as applied to the broad category of convicted felons given the *Bruen* majority's reaffirmation that the right to bear arms is "subject to certain

reasonable, well-defined restrictions."  142 S. Ct. 2156.  A majority of the justices

provided similar assurances.  *See id.* at 2157 (Alito, J., concurring) (indicating that

the Court's decision did not "disturb[] anything that [the Supreme Court] said in

*Heller* or *McDonald v. Chicago*, 561 U.S. 742 . . . (2020), about restrictions that

may be imposed on the possession or carrying of guns"); *id.* at 2162 (Kavanaugh,

J., concurring, joined by Roberts, C.J.) (restating statements from *Heller* and

*McDonald* indicating that history and tradition support prohibitions on the

possession of firearms by felons); *id*. at 2189 (Breyer, J., dissenting, joined by

Sotomayor and Kagan, JJ.) (same).  A number of judges in the Eastern District of

Michigan similarly have concluded that *Bruen* did not disturb *Heller* regarding the

constitutionality of prohibiting felons from possessing firearms.[1]  *United States v.*

*Hazley*, No. 22-cr-20612, 2023 WL 3261585 (E.D. Mich. May 4, 2023) (Parker,

J.); *see also, e.g., United States v. Carter*, No. 22-cr-20477, 2023 WL 3319913

(E.D. Mich. May 9, 2023) (Roberts, J.); *United States v. Bluer*, No. 22-cr-20557,

2023 WL 3309844 (E.D. Mich. May 8, 2023) (Michelson, J.); *United States v.*

*Smith*, No. 2:22-cr-20351, 2023 WL 2215779 (E.D. Mich. Feb. 24, 2023)

(Goldsmith, J.); *United States v. Burrell*, No. 3:21-cr-20395, 2022 WL 4096865

(E.D. Mich. Sept. 7, 2022) (Cleland, J.).

---

[1] The government provides an extensive and non-exhaustive list of additional
district courts that support this position.  (*See* ECF No. 29 at 129-32.)

In light of this precedent, Mr. Holmes fails to demonstrate that § 922(g)(1) is unconstitutional, or that the Indictment should be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Indictment Pursuant to Second Amendment (ECF No. 23) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 12, 2023